```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
CHARLES J. CURCIO,

                    Plaintiff,                          MEMORANDUM & ORDER

       - against -                                      20-CV-1835 (PKC)

MTA LONG ISLAND RAILROAD
COMPANY, and RUSSELL
MCGILLICUDDY, In His Individual and
Official Capacities,

                    Defendants.
----------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

On April 10, 2020, Plaintiff Charles J. Curcio commenced the instant *pro se* action against Defendants MTA Long Island Railroad Company and Russell McGillicuddy, alleging employment discrimination claims pursuant to the Americans with Disabilities Act of 1990, the New York State Human Rights Law, and the New York City Humans Rights Law, as well as a claim pursuant to the Family and Medical Leave Act. Plaintiff's submission includes an application to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, Plaintiff's request to proceed IFP is denied, and Plaintiff is granted fourteen (14) days leave from the entry of this Order to pay the $400.00 filing fee.[1]

---

[1] Due to the ongoing COVID-19 pandemic, the Courthouse is currently closed. Plaintiff may mail a personal check or money order payable to the Clerk of Court to the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. Plaintiff should note the docket number 20-CV-1835 on his payment.

**DISCUSSION**

"The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Davis v. N.Y.C. Dep't of Educ.*, No. 10-CV-3812, 2010 WL 3419671 (KAM), at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. N.Y.C. Health & Hosps. Corp.*, No. 07-CV-1531 (BMC), 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004)). However, 28 U.S.C. § 1915 authorizes a court to dismiss a case brought by a plaintiff who has requested to proceed IFP if "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court." *Grimes v. Sil*, No. 19-CV-1066 (AMD), 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019) (citing *Pinede v. N.Y.C. Dep't of Envtl. Prot.*, No. 12-CV-06344 (CBA), 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases)).

Here, the financial declaration form that Plaintiff has submitted does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. (*See* Dkt. 2.) Plaintiff's declaration states that he is currently employed by Defendant MTA Long Island Railroad, with yearly gross wages of $107,480.81 and weekly take-home pay of $1,046.31. (*Id.* at 1.) Moreover, Plaintiff states that he has $1,299.74 in a checking or savings account. (*Id.* at 2.) Therefore, his declaration establishes that he has sufficient resources to pay the $400.00 filing fee in order to commence this action, and his request to proceed IFP is accordingly denied.

**CONCLUSION**

For the reasons discussed above, Plaintiff's request to proceed IFP is denied. Plaintiff is granted fourteen (14) days leave from the entry of this Order to pay the $400.00 filing fee in order to proceed further in this action. If Plaintiff fails to pay the $400.00 filing fee within the required

time, this action will be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 20, 2020
      Brooklyn, New York